

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PORT OF VANCOUVER, USA, a
Washington port district,

　　　　　Plaintiff-Appellee,

v.

PACIFIC COAST SHREDDING, LLC, a
Washington limited liability company;
METRO METALS NORTHWEST, INC.,
an Oregon corporation,

　　　　　Defendants-Appellants.

No.　19-35954

D.C. No. 3:17-cv-05571-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted September 1, 2020
Seattle, Washington

Before: BYBEE and COLLINS, Circuit Judges, and STEARNS,[**] District Judge.

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The Honorable Richard G. Stearns, United States District Judge for the District of Massachusetts, sitting by designation.

Metro Metals Northwest, Inc. and its sole member Pacific Coast Shredding, LLC (collectively "Metro Metals") appeal the district court's grant of summary judgment in favor of the Port of Vancouver, USA. We review the district court's grant of summary judgment and its award of damages de novo. *Brunozzi v. Cable Commc'ns, Inc.*, 851 F.3d 990, 995 (9th Cir. 2017) (summary judgment is reviewed de novo); *Mackie v. Rieser*, 296 F.3d 909, 916–17 (9th Cir. 2002) (whether the district court applied the correct legal standard in computing damages is reviewed de novo). We affirm the district court's judgment inasmuch as it determined Metro Metals was liable for the damage it caused to the concrete dock but vacate the district court's award of damages and remand for further proceedings.

1. The district court did not err in finding that the parties' 2009 Shred Berm Expansion and Repair Agreement imposed a duty on Metro Metals to repair the concrete dock area then and in the future. The Agreement required Metro Metals to "[r]epair damage to the terminal areas used for scrap steel operations" subject to the Port's evaluation of the extent of the damages. Metro Metals argues that several ambiguities in the Agreement render that clause unenforceable.

Washington law endorses the "context rule" over the so-called "plain meaning rule" to ascertain contracting parties' intent. *Berg v. Hudesman*, 801 P.2d

222, 229 (Wash. 1990) (en banc).  The context rule allows the court to consider certain extrinsic evidence to interpret the contract's written terms.  *Hearst Comm'ns, Inc. v. Seattle Times Co.*, 115 P.3d 262, 267 (Wash. 2005) (en banc).  However, extrinsic evidence may only be used "to determine the meaning of *specific words and terms used* and not to show an intention independent of the instrument or to vary, contradict or modify the written word."  *Id.* (quoting *Hollis v. Garwall, Inc.*, 974 P.2d 836, 843 (Wash. 1999) (en banc) (internal quotations omitted)).

Both the context and plain language of the parties' Agreement demonstrate that Metro Metals was responsible for repairing damage to the concrete dock area.  The clause "[r]epair damage to the terminal areas used for scrap steel operations" can only be reasonably read one way:  Metro Metals was responsible for repairing any damage that its scrap steel operation caused to the Port's terminal area, including the concrete dock.  The absence of language spatially or temporally limiting Metro Metals' responsibility does not render the clause ambiguous.  Moreover, extrinsic evidence of the parties' relationship and course of dealing further supports Metro Metals' duty to repair.  The basis for the parties' 2009 Agreement was Metro Metals' expansion and increased volume that had already begun to affect the concrete dock surface.  Limiting Metro Metals' duty to repair

3

the terminal to damage existing in 2009 or to exclude the concrete dock surface would be inconsistent with the context of the parties' relationship and the terms of the agreement. This is especially so given that Metro Metals was already using the concrete dock, which was particularly vulnerable to the scrap steel export operation. The district court did not err in granting summary judgment on the Port's breach of contract claim.

2. The district court did err, however, in awarding the Port damages. The question of damages is generally left to the jury unless "reasonable minds could not differ." *C 1031 Props., Inc. v. First Am. Title Ins. Co.*, 301 P.3d 500, 503 (Wash. Ct. App. 2013). Here, reasonable minds could disagree on the extent of the repairs attributable to Metro Metals' scrap steel operation. Metro Metals' expert witness submitted a declaration that the Port's repairs exceeded the damage that the scrap steel operation caused to the dock. The district court did not consider that testimony. Therefore, there is a genuine issue of fact regarding whether the Port proved its damages to a reasonable certainty.

Accordingly, we AFFIRM IN PART, REVERSE IN PART, and REMAND for further proceedings. Each party to bear its own costs.